UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICARDO W. EDMONDS,

    Petitioner,    Case No. 1:18-cv-28

v.    Honorable Paul L. Maloney

SHANE JACKSON,

    Respondent.
_____/

## **OPINION**

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. <u>Factual allegations</u>

Petitioner Ricardo W. Edmonds is incarcerated with the Michigan Department of Corrections at Carson City Correctional Facility (DRF) in Carson City, Michigan. In 2013, a jury of the Oakland County Circuit Court found Petitioner guilty of aggravated stalking and first-degree home invasion. On August 6, 2013, the court imposed sentences of 21 years and 6 months to 40 years of imprisonment for each offense.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence by opinion dated December 16, 2014. The Michigan Supreme Court denied leave to appeal on May 28, 2015. In May 2016, Petitioner filed a motion for relief from judgment in state court under Rule 6.500 of the Michigan Court Rules. The circuit court denied the motion on August 16, 2016. Petitioner subsequently appealed that decision to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals denied leave to appeal on May 12, 2017. The Michigan Supreme Court has not entered a decision on his application for leave to appeal.

II. <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404

U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner asserts eight claims in his petition. He does not indicate which of them he raised on direct appeal or which of them he raised in his motion for relief from judgment, but at least one of them has not yet been fully exhausted. He asserts that his appellate counsel was ineffective. (Pet., ECF No. 1, PageID.3.) This issue could not have been raised in his direct appeal. Petitioner presumably raised this issue in his motion for relief from judgment and is awaiting a decision on that issue from the Michigan Supreme Court. Petitioner must complete the state court process before seeking habeas relief in this Court. The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Moreover, federal habeas law requires this Court to determine whether the state court's adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

3

States. *See* 28 U.S.C. § 2254(d). Because the Michigan Supreme Court has not made a final decision on his claims, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss partially exhausted petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 28, 2015. Petitioner did not petition for certiorari to the United

4

States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 26, 2015. Accordingly, absent tolling, Petitioner would have one year from that date to file his habeas petition.

Petitioner asserts that he filed a motion for relief from judgment on May 20, 2016.[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Assuming Petitioner's motion for relief from judgment was "properly filed" with the state court, that motion tolled the statute of limitations in § 2244(d) when he had over 80 days[2] remaining in the limitations period. The statute of limitations will continue to be tolled until the Michigan Supreme Court issues a decision. Eighty days is more than enough time to file a new habeas petition with this Court after the Michigan Supreme Court issues its decision. Thus, if this Court dismisses this case without prejudice, Petitioner is not in danger of running afoul of the statute of limitations.

---

[1] The docket sheet from the Oakland County Circuit Court's website indicates that the motion was filed on May 31, 2016.

[2] If Petitioner filed his motion for relief from judgment on May 20, 2016, as he contends, then he has 98 days remaining in the limitations period. However, if he filed it on May 31, 2016, as indicated on the state court docket sheet, then he has 87 days remaining in the limitations period.

5

**Conclusion**

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies. Petitioner may file a new action in this Court after the Michigan Supreme Court issues a decision in his appeal from the denial of his motion for relief from judgment.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: February 22, 2018                    /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge

7